UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMMY MACIEJCZYK,

      Plaintiff,

vs.                                CASE NO.: 8:12-cv-1462-T-27MAP

YOU FIT, INC.,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

On December 20, 2012, the Plaintiff Tammy Maciejczyk accepted Defendant You Fit, Inc.'s offer to settle her overtime wages claim for $17,500 plus attorney fees. Because the parties have been unable to agree on the attorney's fees and costs, the Plaintiff filed the instant verified motion for attorneys' fees and expenses seeking an award of $105,746.00 in fees and $9,238.81 in costs (doc. 58). After consideration of the motion and Defendant's response thereto (doc. 66), I recommend Plaintiff's verified motion for taxing attorney's fees and expenses (doc. 58) be GRANTED in part such that Plaintiff be awarded fees in the amount of $30,108.75 for the reasons set forth below.

    *A. Attorney's fees*

The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate. This "lodestar" may then be adjusted for the results obtained. *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996); *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292-1303 (11th Cir. 1988). Although the "lodestar" method effectively replaced the *Johnson* balancing test previously employed in the

Eleventh Circuit, courts still consider the twelve factors leftover from the balancing test in determining the lodestar amount. *See James v. Wash Depot Holdings, Inc.,* 489 F.Supp2d 1341 (S.D. Fla. 2007) citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1] The *Johnson* factors are:  time and labor required, the novelty and difficulty of the questions, the skill requisite to perform the legal service properly, the preclusion of other employment by the attorney due to acceptance of the case, the customary fee, whether the fee is fixed or contingent, time limitations imposed by the client or the circumstances, the amount involved and the results obtained, the experience, reputation, and ability of the attorney, the undesirability of the case, the nature and length of the professional relationship with the client, and awards in similar cases. *Johnson*, 488 F.2d at 717-719.

The party who applies for attorney's fees is responsible for submitting satisfactory evidence to establish both that the requested rate is in accordance with the prevailing market rate and that the hours are reasonable. In addition, the court may use its own expertise and judgment to make an appropriate independent assessment of the value of an attorney's services. *Norman,* at 1303.

> *1. reasonable rate*

The first step in the computation of the lodestar is determining the reasonable hourly rate. Attorney Perryn Carroll ("Carroll"), who has over twenty-three years of experience as an attorney representing plaintiffs in civil litigation, requests an hourly rate of $350.00/hour.  Attorney

---

[1]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as precedent the decisions the former Fifth Circuit rendered prior to October 1, 1981.

Charles Telfair (Telfair"), who has twenty-two years of experience as an attorney representing clients in civil litigation, requests an hourly rate of $300.00/hour.  Plaintiff submits a declaration of William J. Cook, a local attorney, who confirms these hourly rates are reasonable for this type of case in this district.  *See* doc. 58, Ex. C.  Defendant does not object to Plaintiff's counsel's hourly rates.  Instead, Defendant asks the Court to limit Plaintiff's counsels' hours to the reasonable amount of hours expected at their rates given the circumstances of the case. Accordingly, I find that $350.00 and $300.00 are reasonable rates for Carroll and Telfair, respectively.

### 2.  *reasonable hours expended*

Fee applicants are required to exercise "billing judgment."  *ACLU of Ga. v. Barnes,* 168 F.3d 423, 428 (11th Cir. 1999).  "If fee applicants do not use billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise unnecessary.'" *Id.*

Because the parties reached an agreement on December 20, 2012, to settle Plaintiff Maciejczyk's wage and hour claims, Plaintiff Maciejczyk is only entitled to reasonable attorney's fees incurred as of December 20, 2012.  Hence, Plaintiff should not be awarded fees for time after December 20, 2012.  Additionally, Defendant asserts that Plaintiff's counsel's time records show: 1) insufficient descriptions of time expended; 2) excessive time spent on the task billed; 3) time expended on non-recoverable tasks such as travel time, tasks associated with prosecution of count III (which settled at mediation and for which Plaintiff's counsel waived fees); 4) time expended on tasks which were clearly unnecessary; 5) time waived.  I find that Carroll's time entries show excessive time spent on certain tasks, especially in light of her expertise and

$350.00 hourly rate.  For instance, Carroll billed 1.10 hours on preparing a consent to suit form and attorney fee agreement, 1.5 hours on preparing and filing a motion for *pro hac vice* admission, two hours preparing an amended complaint which added a retaliation claim (but left counts I and II the same), .3 hours for reviewing the Case Management Rules, .2 hours for reviewing the Orders granting motion for *pro hac vice*, .5 hours for preparing a notice of appearance, and 3.00 hours for preparing the First Interrogatories to Defendant.  Moreover, my review of the billing records, reveals that Carroll billed excessively for "correspondence to client."  There are 60 billing entries for such correspondence, totaling 13.6 hours.  Similarly, there are 54 entries for review of correspondence or emails from client totaling 10.1 hours.  And, there are 57 entries for correspondence to and from defense counsel totaling 14.9 hours.  Some charges are for clerical tasks:  .1 hours for reviewing designation of email address for service, a total of 4.8 preparing deposition notices, .5 preparing re-notices of depositions, .40 hours reviewing notices of depositions, a total of .9 hours preparing re-notices of depositions, and a total of .7 hours reviewing re-notices of depositions.

Since this is a run-of-the-mill FLSA overtime case, and there are many qualified local practitioners in this district who could have handled Plaintiff's case, it is not appropriate billing judgment for Defendant to pay Carroll's 11.20 hours travel time from Birmingham, Alabama to Fort Lauderdale, Florida to attend depositions, and 6.30 hours travel time from Fort Lauderdale, Florida back to Birmingham, Alabama.  *See Moore v. Appliance Direct, Inc.,* 2009 WL 909271, *3 (M.D.Fla. April 1, 2009) (finding 3.8 hours of travel time for out-of-town counsel "not properly visited on one's adversary absent a showing of a lack of qualified local counsel").

There are six entries in the time log by an individual "PL" who billed at a rate of

$95.00/hour.  Because it is unclear who PL is, and because the entries by PL in the main pertain

to correspondence to and from the Plaintiff, I find these entries not awardable.  Additionally, I

find that the time spent on Plaintiff Lanier is not awardable because Plaintiff's counsel indicated

in a previous filing with this Court that:

> ... the parties agreed that the only fees and costs to be assessed against Defendant
> and paid to Plaintiff's counsel are those fees and costs associated with Mrs.
> Maciejczyk's claim.

*See* doc. 26, p.8 and doc. 66, p.10.   Hence, the .30 time billed for preparing and filing Lanier's

consent to suit should not be awarded.

Lastly, a review of counsel's time records reveals multiple redundancies in billing.  For

example, both Telfair and Carroll billed for attending depositions, for review of correspondence

from Plaintiff on September 17, 2012, and on September 24, 2012, and for correspondence to

defense counsel regarding depositions.  This Court has previously ruled that redundancies such as

these are not indicative of good billing judgment and thus, are excluded from an award of

attorney's fees.  *Baby Buddies, Inc. v. Toys R Us, Inc.*, 2011 WL 4382450 (M.D. Fla. 2011)

(citing *Norman*, 836 F.2d at 1301).  Moreover, as Defendant notes, entries for clerical work and

ministerial functions are excluded.

When a district court finds the number of hours claimed is unreasonably high, as I do, it

has two choices: conduct an hour-by-hour analysis or reduce the requested hours with an across-

the-board cut.  *Bivens v. Wrap it Up, Inc.,* 548 F.3d 1348. 1350 (11th Cir. 2008).  Due to the

lengthy billing records and the fact that the majority of the billing entries are excessive, I find

that an across-the-board cut in the number of hours claimed appropriate.  *Id.* (if court concludes

that the number of claimed hours is excessive, it may engage in an "across-the-board cut" so long

as it provides adequate explanation for the decrease). *See also Perkins v. Mobile Hous, Bd.*, 847 F.2d 735, 738 (11th Cir. 1988).

Considering the above examples of counsel's billing, I find a 50% across-the-board reduction of billing through December 20, 2012 appropriate. To be clear, in light of the settlement agreement reached on December 20, 2012, I find that attorney's fees are not appropriate after that date. Carroll billed 176.7 hours through December 20, 2012 (excluding travel time to deposition and preparation of the Lanier Consent to Suit). *See* doc. 58-1, pp. 1-28. Reducing these hours by 50%, the number of hours is reduced to 88.35 hours for Carroll.

A 50% across-the-board reduction is also applied to Telfair. Like Carroll's billing entries, Telfair's entries are non-descriptive (e.g. telephone conference with attorney Carroll re status) or are duplicative and excessive for the tasks described (e.g. receipt and review of emails). I also find entries for reviewing Middle District of Florida Rules and case management requirements inappropriate. Telfair served as local counsel to Carroll in this case, and given that Carroll served as the primary attorney involved in day-to-day management of this case, it seems that billing for ministerial tasks shows a lack of billing judgment on Telfair's behalf. Telfair billed a total 80.6 hours through December 20, 2012. After the 50% reduction, Telfair's hours are 40.3. Based on the foregoing, the lodestar for Carroll's work is 88.35 hours multiplied by $350, or $30,922.50 and the lodestar for Telfair's work is 40.3 multiplied by $300, or $12,090.

### 3. *Adjustments to lodestar*

Computation of the lodestar does not necessarily conclude the fee analysis. "There is a strong presumption that the lodestar is the reasonable sum the attorneys deserve." *Bivins v. Wrap It Up, Inc.,* 548 F.3d 1350 (11th Cir. 2008). "After the lodestar is determined by multiplication

6

of a reasonable hourly rate times hours reasonably expended, the court must next consider the necessity of an adjustment for results obtained." *Norman*, 836 F.2d at 1302. If the result obtained was partial or limited, the product of hours reasonably spent on the "litigation as a whole" times the reasonably hourly rate may be an excessive amount. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). Thus, if a party's success is partial or limited, the lodestar must be reduced to an amount that is not excessive. *Id*.

Defendant maintains that a downward adjustment to the lodestar is appropriate due to the unnecessary work caused by Plaintiff's counsel's refusal to make a settlement offer despite defense counsel's request, Plaintiff's counsel's intentional breach of the settlement agreement by filing a motion for collective action, and Plaintiff's counsel's vexatious prosecution of the already settled claims.[2]   I agree.

While the nature of the results obtained may result in an upward or downward adjustment of the lodestar, "[f]ee awards should not simply be proportionate to the results obtained," especially in the context of FLSA cases where it is not uncommon for fee awards to exceed the Plaintiff's recovery in order to ensure that individuals with relatively small claims can obtain

---

[2]   Mainly, Defendant says the Plaintiff prolonged this litigation more than necessary. Two months after Defendant requested that Plaintiff provide a settlement demand, Plaintiff demanded $189,000 and did not provide a breakdown of the claimed overtime owed. Plaintiff's Initial Disclosures failed to include an estimate of damages as required by Rule 26(a)(1)(A)(iii), and her answers to Defendant's interrogatories, served in October 2012, failed to include a description of how her claimed damages, $17,500, were calculated. Based on this figure, on November 8, 2012, Defendant extended to Plaintiff an Offer of Judgment pursuant to Rule 68 in that amount plus attorney's fees to settle Counts I and II. Plaintiff failed to timely accept the Offer of Judgment. Instead, Plaintiff proceeded with discovery and at a deposition on December 20, 2012, agreed to settle Plaintiff's wage and hour claims for $17,500 plus attorney's fees due to date.

representation necessary to enforce their rights. *James v. Wash Depot Holdings,* 489 F.Supp. 2d 1341, 1347 (S.D. Fla. 2007). Though the FLSA provides for a mandatory award of attorney's fees for prevailing plaintiffs, as other courts have recognized, § 216(b) of the FLSA is not a carte blanche license for a plaintiff to outrageously and in bad faith run up attorney's fees without any threat of sanction. *Goss v. Killian Oaks House of Learning,* 248 F.Supp. 2d 1162, 1168-69 (S.D. Fla. 2003). Without "double counting" the *Johnson* factors I have already considered in reaching the lodestar, based on a review of the records before me, I find that it is appropriate to reduce the lodestar in this case by 30%, in order to account for the limited success achieved for Plaintiff. Hence, Carroll's fee is reduced from $30,922.50 to $21,645.75 and Telfair's fee is reduced from $12,090 to $8,463.

    *B. Costs*

    In a FLSA action, it is error for a district court to award costs in excess of those permitted by 28 U.S.C. §1920. *Glenn v. Gen. Motors Corp.,* 841 F.2d 1567, 1575 (11th Cir. 1988). The following may be taxed as costs pursuant to 28 U.S.C. §1920:

(1)    Fees of the clerk and marshal;

(2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)    Fees and disbursements for printing and witnesses;

(4)    Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)    Docket fees under section 1923 of this title;

(6)    Compensation of court appointed experts, compensation of interpreters, and

salaries, fees, expenses, and costs of special interpretation services under section
1828 of this title.

28 U.S.C. §1920.   Although both Carroll and Telfair have provided receipts and itemized
statements regarding costs incurred, neither have adequately itemized or explained the costs
incurred for any of the items specifically taxable per 28 U.S.C. §1920.  Instead, counsel have
provided documentation of non-recoverable costs including *pro hac vice* admission to this Court,
obtaining a Certificate of Good Standing from the Alabama State Bar, travel to the courthouse to
pick up the Certificate of Good Standing, postage, courier service, unspecified photocopies, and
Fed Ex.  *See Moore v. Appliance Direct, Inc.,* 2009 WL 909271, *4 (M.D. Fla. 2009) (citing
*Glenn, supra* ("Neither 29 U.S.C.§216(b) [n]or 28 U.S.C. §1920 provide a basis for Plaintiffs to
recover fees paid to non-testifying expert witnesses")).  Such fees are not chargeable to one's
adversary.  Accordingly, I find that none of the submitted charges are taxable.

It is hereby

RECOMMENDED:

1. Plaintiff's verified motion for taxing attorney's fees and expenses (doc. 58) be
GRANTED in part such that Plaintiff's be awarded fees in the amount of $30,108.75 as set forth
herein.

IT IS SO REPORTED in chambers on this 12th day of December, 2013.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. § 636(b)(1).