## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**TAMMY MACIEJCZYK,**

     **Plaintiff,**

**v.**                                       **Case No: 8:12-cv-1462-T-27MAP**

**YOU FIT, INC.,**

     **Defendant.**

_____/

### ORDER

**BEFORE THE COURT** is the United States Magistrate Judge's Report and Recommendation (Dkt. 70). The Magistrate Judge recommends that Plaintiff's and Counsels' Verified Motion for Attorneys' Fees and Expenses (Dkt. 58) be granted *in part* and Plaintiff awarded fees in the amount of $30,108.75. Plaintiff objects to the Report and Recommendation (Dkt. 71), to which Defendant responded (Dkt. 72). Upon consideration, Plaintiff's objections are overruled.

The relatively prompt resolution of this FLSA case, and the early opportunities to settle the case, underscore why the Magistrate Judge found that the fees claimed by Plaintiff's counsel are unreasonable and excessive. In summary, the Magistrate Judge found that (1) the majority of counsels' billing entries are excessive, (2) the time records demonstrate a lack of billing judgment, (3) the fee request includes a claim for unnecessary travel time, (4) the request includes billings for an unidentified individual, (5) multiple redundancies exist in the billings, (6) a number of hours are claimed for time spent after the case settled, as well as hours spent on behalf of another plaintiff, and (7) counsel vexatiously prosecuted the settled claims, prolonging its resolution. For these reasons,

1

the Magistrate recommends an across-the-board 50% reduction in the hours claimed, as well as a 30% reduction in the lodestar.

After a *de novo* review, I agree that an across-the-board reduction in hours claimed is appropriate, although I find that the 50% reduction could have been considerably higher. And I agree that the lodestar should be reduced, but for a somewhat different reason than the Magistrate Judge's.

## PROCEDURAL HISTORY

This FLSA case was filed on June 29, 2012 (Dkt. 1). It was resolved just short of six months later, when the parties agreed that Defendant would pay Plaintiff $17,500, the amount she claimed for "basic overtime pay." The docket reflects virtually no delay in the case becoming at issue. Defendant answered the Complaint in August 2012 (Dkt. 7). In September 2012, Plaintiff amended her complaint to add a count for retaliatory discharge (Dkt 14), which Defendant promptly answered (Dkt. 15). Discovery was fairly minimal. Although there was apparently a minor dispute concerning the sufficiency of Plaintiff's answers to interrogatories, that was resolved by the parties without judicial involvement. That was the extent of any substantive file activity until the FLSA part of the case settled on December 20, 2012.[1]

On the other hand, the record reflects that Defendant unsuccessfully tried to resolve the case as early as July 2012, making at least four requests for a settlement demand (Dkt. 72, p. 3, ¶¶ 4, 5, 6, 10). Plaintiff finally demanded $189,000 to settle her FLSA claims and her retaliation claim,

---

[1] Plaintiff represents (and her attorneys' time sheets reflect) that she took three depositions, the parties propounded interrogatories and exchanged production requests (Dkt. 58, p. 8-9). The only motions filed before the FLSA claims settled were Plaintiff's Motion for Protective Order (Dkt. 19), and Defendant's Motion to Compel (Dkt. 22), neither of which required a hearing. The Motion for Sanctions (Dkt. 26) referenced by Plaintiff in her motion was filed *after* the FLSA claims settled (Dkt. 58, p. 9).

without a breakdown of the claims. (Id., ¶ 9). Eventually, on November 8, 2012, Defendant served an Offer of Judgment for $17,500 with respect to Plaintiff's FLSA claims, the amount Plaintiff claimed as "basic overtime pay" in her interrogatory answers. The Offer of Judgment expired without an acceptance. But just over a month later, Plaintiff accepted $17,500 to settle the FLSA portion of her case, and agreed to "attorneys' fees that are *due today*." (Dkt. 72, p. 4, ¶ 14) (emphasis added).

Notwithstanding that the FLSA claims were settled just six months after the case was filed, and for the very amount in the Offer of Judgment served more than a month earlier, the fees sought by Plaintiff's counsel are indeed, using Defendant's characterization, outrageous. Counsel seek $105,746 in attorneys' fees, and more than $9,000 in litigation expenses (Dkt. 58, p. 5). The amount of fees sought is confounding, particularly considering that on December 20, 2012, counsel expressly agreed to limit fees to those "due today," but now claims at least 41 hours of time spent after that date, some of which are unrelated to Plaintiff's FLSA case.

In sum, this Court agrees with, and the record supports, the essence of the Magistrate Judge's findings, that grossly excessive time was spent on this case, that counsel failed to exercise billing judgment, that the case could and should have been resolved months before it was, that counsel seeks fees contrary to the settlement agreement, and counsel vexatiously prosecuted the claims after they had been settled, prolonging a final closure of the case. The Magistrate Judge's across-the-board reduction in counsel's time was appropriate, and the recommended reduction in the lodestar is likewise appropriate, considering the results obtained.

## STANDARD

A district court may accept, reject, or modify a magistrate judge's report and

recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Objections must "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see Leatherwood v. Anna's Linens Co.*, 384 Fed. App'x. 853, 857 (11th Cir. 2010). In the absence of specific objections, there is no requirement that findings be reviewed *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993). Nevertheless, the district court reviews the report and recommendation for "clear error" even in the absence of objections. *Macort v. Prem, Inc.*, 208 Fed. App'x. 781, 784 (11th Cir. 2006). Legal conclusions are reviewed *de novo*, even in the absence of an objection. *See LeCroy v. McNeil*, 397 Fed. App'x. 554, 556 (11th Cir. 2010) (citing *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

## DISCUSSION

Counsel is entitled to recover only reasonable fees, that is, the product of reasonable hours times a reasonable hourly rate (the lodestar), and after adjustments for results obtained.[2] *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Fee applicants are required to exercise "billing judgment," and exclude time that is "excessive, redundant or otherwise unnecessary" from the amount claimed. *Norman v. Housing Auth. of Montgomery,* 836 F.2d 1292, 1301 (11th Cir.1988) (quoting *Hensley*, 461 U.S. at 434, 437). Finally, the lodestar may be adjusted upward or downward, based on other considerations, including the "results obtained." *Id*.

The inquiry into the "results obtained" is whether the plaintiff failed to prevail on claims that were unrelated to the claims on which she succeeded, and whether the plaintiff achieved a level of

---

[2] The hourly rates recommended by the Magistrate Judge are not contested.

success that makes the hours reasonably expended a satisfactory basis for making a fee award. *Id.* This is not a case where a plaintiff failed to prevail on claims unrelated to her FLSA claims. Rather, the record bears out that Plaintiff settled the case for substantially less than she originally demanded, thereby diminishing her level of success, and making the hours spent by counsel an unsatisfactory basis for making a fee award.

### Lodestar Combined with a Lodestar Reduction

In support of her fee request, Plaintiff states what would purport to be the obvious: "Thus, Plaintiffs' counsel is due to be compensated for the itemized work that it performed *in order to obtain the settlement of the Plaintiffs' wage and hour claims that the Plaintiffs desired.*" (Dkt. 58, p. 9) (emphasis added). The problem, of course, as noted by the Magistrate Judge, is that by seeking fees for every hour spent in the case, including time spent after the FLSA portion was settled on December 20, 2012, Plaintiff's counsel is maintaining that they are entitled to recover fees not only contrary to the express settlement terms announced by Plaintiff's counsel, but also for services rendered on behalf of two Plaintiffs, Maciejczyk, and Lanier.[3] The record confirms, however, that counsel waived fees for services rendered on behalf of Lanier, and expressly agreed to limit fees to those earned through the date of settlement (Dkt. 26, p. 9).

Plaintiff first objects to the combination of a 50 % across-the-board reduction in counsel's time and a 30% reduction of the lodestar (Dkt. 71, p. 1-2). This objection is overruled. The Magistrate Judge expressly noted that in reducing the lodestar by 30%, after having made a 50% across-the-board reduction in counsel's time to achieve the lodestar, he was not "double counting"

---

[3] Counsel does not claim time devoted to the retaliation claim, Count III.

the *Johnson* factors (Dkt. 70, p. 8).[4]   And there is a distinction between an across-the-board reduction of counsel's time because the number of hours claimed is unreasonably high, and a reduction of the lodestar based on the results obtained.[5]

### The Lodestar

Where, as here, the number of hours claimed are unreasonably high, an across-the-board cut is an appropriate choice in determining the number of hours reasonably spent, as opposed to reviewing each time entry in voluminous time records. *Bivins v. Wrap It Up, Inc.*, 548 F.3d at 1350 (11th Cir. 2008).   Here, counsels' time records consist of 40 pages of entries.   Having reviewed the time records, I find that the Magistrate Judge's recommendation of a 50 % across-the-board reduction in the hours claimed is warranted (Dkt. 70, p. 5) ("Due to the lengthy billing records and the fact that the majority of the billing entries are excessive, I find that an across-the-board cut in the number of hours claimed appropriate.").

The reasons for the Magistrate Judge's recommendation that the fees claimed be significantly reduced are clearly articulated, and, in my view, supported by the record.   Of the most glaring examples of excessive time claimed is the claim for work performed after the case settled, as noted.   The record confirms that the parties agreed that only fees for services rendered by Plaintiff's counsel "due today" (December 20, 2012) would be compensable.   Indeed, Plaintiff's counsel recited the

---

[4] Those factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir.1974).

[5] It would have been error to consider the *Johnson* factors in determining the lodestar and considering them again in adjusting the lodestar upward or downward. *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). But that is not what the Magistrate Judge did.

agreement at the beginning of the deposition of Defendant's President, stating that the parties agreed to resolve the FLSA portion of the case for $17,500 plus fees "due today." Payment was subsequently tendered to Plaintiff, who cashed the settlement check, according to Defendant, in February, 2013.

Notwithstanding the settlement and express limitation on fees, Plaintiff's counsel seek at least 41 hours of time spent after December 20, 2012, or approximately 13% of the total time they collectively billed on the case. Incredibly, after settling Plaintiff's FLSA case, counsel filed a Motion for Conditional Class Certification on her behalf (Dkt. 41). Even more astonishing, counsel claim fees for that time. Counsel also claim time spent on behalf of Ms. Lanier, an opt-in plaintiff (4.4 hours), notwithstanding that counsel represented that the only fees sought would be those attributable to Plaintiff Maciejczyk's FLSA claims (Dkt. 58-1, p. 25-35; Dkt. 58-2, p. 10-12; Dkt. 70, p. 5, *citing* Dkt. 20, p. 8, and Dkt. 66, p. 10).

Prior to the filing of the motion for collective class certification, Defendant anticipated the motion, based on conversations with Plaintiff's counsel, and understandably filed its Motion to Dismiss Counts I and II for Lack of Subject Matter Jurisdiction or, *in the Alternative to Enforce the Settlement Agreement* (Dkt. 40) (emphasis added). Yet, Plaintiff actively opposed the motion, essentially contending that there were disagreements with respect to the settlement of Lanier's case (Dkt. 42). And despite having settled the FLSA claims, counsel seeks fees for opposing that motion. All of this legal sparring, except with respect to the retaliation claim and the claim of Ms. Lanier, was unnecessary. In any event, considering the FLSA settlement, none of the time after December 20, 2012 should be claimed, as the Magistrate Judge correctly found.

In addition, counsel claim time for services rendered by an unidentified individual, "PL." The Magistrate Judge correctly found that time spent by "PL," was not recoverable, absent some explanation, which has never been forthcoming.  Additionally, counsels' billing records reveal excessive time spent on certain tasks, as explained by the Magistrate Judge at p. 3-4 of the Report and Recommendation, and confirmed by a review of counsels' billing records. Further, as the Magistrate Judge correctly found, those records reveal multiple billing redundancies, indicative of a lack of billing judgment.  And the 26.5 hours of travel time was correctly deemed unnecessary and therefore excludable, considering the nature of the case and the availability of numerous attorneys in this district capable of representing Plaintiff. *See Mock v. Bell Helicopter Textron, Inc.*, 456 Fed.Appx. 799, 802 (11th Cir. 2012).

Finally, billing for two attorneys, one serving as local counsel, to attend the depositions of Defendant's President and corporate representative has not been shown to have been necessary or reasonable in this case.  The Magistrate Judge's exclusion of that time is correct.

"There is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." *Norman*, 836 F.2d at 1302.  To recover for the hours of multiple attorneys, however, Plaintiff bears the "burden of showing that the time spent by those attorneys reflects the distinct contribution of each lawyer to the case and is the customary practice of multiple-lawyer litigation." *American Civil Liberties Union of Ga. v. Barnes,* 168 F.3d 423, 432 (11th Cir.1999).

Plaintiff reasons that having two attorneys attend the depositions was justified because of the voluminous documents "produced in this case."  This reasoning falls short of demonstrating that

having two attorneys present was necessary or reasonable, for purposes of fee shifting. Certainly, counsel cannot be faulted for having another person assist in "managing" documents during the depositions. But passing on the expense of an attorney billing at the rate of $300 per hour to Defendant to provide that assistance is not reasonable.

In sum, after a *de novo* review, I find that the Magistrate Judge's recommendation of an across-the-board 50% reduction in the hours claimed is warranted.[6] At the hourly rates of $350 and $300 for attorneys Carroll and Telfair, respectively, the lodestar calculation of $43,012.50 is supported by the record. Notwithstanding, I find that the lodestar amount is excessive, considering the results obtained.

### Lodestar Adjustment

Plaintiff's second objection is to the recommendation that the lodestar be reduced by 30% "in order to account for the limited success achieved for Plaintiff." (*See* Dkt. 70 at 7-8). In the Report and Recommendation, the Magistrate Judge agrees with Defendant that a downward adjustment to the lodestar is appropriate due to Plaintiff's counsel's conduct in prolonging this litigation by vexatiously prosecuting the settled claims (Dkt. 70, p. 7). Specifically, the Magistrate Judge agreed that a "downward adjustment is appropriate due to the unnecessary work caused by Plaintiff's counsel's refusal to make a settlement offer despite defense counsel's request, Plaintiff's counsel's intentional breach of the settlement offer by filing a motion for collective action, and by Plaintiff's counsel's vexatious prosecution of the already settled claims." (Dkt. 70, p. 7).

While the record supports the Magistrate Judge's findings, and I certainly understand the

---

[6] While I adopt the Magistrate Judge's recommendation of a 50% reduction, considering the lack of billing judgment demonstrated in this case, a more substantial reduction could be justified, in the range of 65% to 75%.

rationale supporting the recommendation, I do not believe Circuit precedent supports the recommended reduction in the lodestar without a more exacting assessment of the results obtained. Accordingly, after a *de novo* review, I find that a downward adjustment in the lodestar is warranted, because the settlement is substantially less than what Plaintiff originally demanded, and could have been obtained earlier in the litigation, diminishing the results of counsels' efforts. Accordingly, Plaintiff's objection is overruled.

There is a strong presumption that the lodestar figure is reasonable. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010). When "the number of compensable hours and the hourly rate are reasonable, a downward adjustment to the lodestar is merited only if the prevailing party was partially successful in its efforts. " *Bivins*, 548 F.3d at 1350-51, citing *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1150 (11th Cir.1993). Stated another way, "[a] reduction is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Norman v. Housing Authority of City of Montgomery*, 836 F.2d at 1302 (citing *Hensley v. Eckerhart*, 461 U.S. at 440); *Hepsen v. J.C. Christensen and Associates, Inc.*, 394 Fed.Appx. 597, 601 (11th Cir. 2010). And where, as here, "the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Hensley,* 461 U.S. at 440.

While Plaintiff settled her FLSA claims for $17,500, a sum she identified as "basic overtime pay" in her interrogatory answer, she described her total damages as substantially more:

> Presently, it is believed that this Plaintiff is owed *in excess of* seventeen thousand, five hundred dollars ($17,500.00) of basic overtime pay, *plus an equal amount of liquidated damages*, to the extend provided by law, for her overtime work. The Plaintiff *further claims damages for "on-call" time required of her by the Defendant* in an amount to be determined by a duly struck jury in this cause. *Additionally, the*

> *Plaintiff claims her agreed-upon regular weekly wage for all weeks that she was not
> paid by the Defendant, plus an equal amount of liquidated damages to the extend
> provided by law.*

(Dkt. 22, p. 2, ¶ 2) (Answer to Interrogatory No. 2) (emphasis added).

The most crucial factor in determining an appropriate fee is the "degree of success obtained."
*Gray ex rel. Alexander v. Bostic*, 720 F.3d 887, 894 (11th Cir. 2013). In considering this factor, the
amount of damages sought is compared to the amount awarded. *Id.* Where, as here, the amount
obtained is significantly below what was sought, that discrepancy justifies a reduction in the lodestar
for partial success. *Mock v. Bell Helicopter Textron, Inc.*, 456 Fed.Appx. at 802 (citing *Popham v.
City of Kennesaw*, 820 F.2d 1570, 1580-81 (11th Cir. 1987) (the relief a plaintiff requests is "relevant
to determining the extent of that plaintiff's success") ).

Plaintiff contends that "[t]he degree of success cannot be disputed," and that she "received
the full amount of wages due her plus additional amounts for liquidated damages" (Dkt. 71, p. 6).[7]
The record does not support Plaintiff's contention that "the degree of success cannot be disputed."

While Plaintiff may have settled for the full amount of wages and liquidated damages she
ultimately agreed she was entitled to, the settlement amount does not square with the damages she
described in her interrogatory answer (Dkt. 22, p. 2). The sum she settled for ($17,500) is, at a
minimum, less than half of what she described as her damages in her interrogatory answer. Nor does
the settlement amount square with Plaintiff's earlier demand. According to Defendant, Plaintiff
initially demanded $189,000 to settle all three of her claims. Against these facts, it is apparent that
Plaintiff did not achieve the degree of success she originally expected and demanded.

---

[7] The parties stipulate that "there was no compromise of the Plaintiff's back wage or liquidated damage claims, and that such claims were paid in full by the Defendant in the settlement reached in this case." (Dkt. 74).

Moreover, implicit in the Magistrate Judge's reasoning in support of the recommended lodestar adjustment is a finding that the scope of the litigation is grossly disproportionate to the results obtained, and was the result of Plaintiff's counsel's actions. As noted, Defendant made a $17,500 offer of judgment on November 8, 2012 pursuant to Rule 68, after having sought a settlement demand shortly after the case was filed. The Offer of Judgment lapsed without an acceptance. The FLSA claims settled a month later for the same amount in the Offer of Judgment. Notwithstanding, Plaintiff's counsel continued to litigate the FLSA claims by pursuing a collective action in her name, unnecessarily protracting the case. The degree of success in this case is therefore relative to the scope of the litigation. Plaintiff could have resolved this case months before it settled. *See Thornton v. Wolpoff & Abramson, L.L.P.*, 312 Fed.Appx. 161, 164 (11th Cir. 2008) (affirming 85% reduction of lodestar where plaintiff had opportunity to obtain a reasonable settlement early in the litigation). It goes without saying that the results could have been achieved much more efficiently and far less expensively. *See Brother v. Miami Hotel Investments, Ltd.*, 341 F. Supp. 2d 1230, 1240 (S.D. Fla. 2004).

Although I add to the Magistrate Judge's analysis, I nevertheless adopt his recommendation that the lodestar be adjusted downward "for the limited success achieved for Plaintiff" (Dkt. 70, p. 8). Accordingly, Plaintiff is awarded fees of $30,108.75, consistent with the Report and Recommendation.

## Costs

Plaintiff requests $9,238.81 in "litigation expenses." Generally, however, in an FLSA action, the costs allowed are those set forth in 28 U.S.C. § 1920. *See Mock v. Bell Helicopter Textron, Inc.*, 456 Fed. App'x. at 802 (citing *Glenn v. General Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir.

1988)).  Plaintiff contends that she "seeks costs in this action pursuant to the agreement or contract between the parties." (Dkt. 71 at 6).  Plaintiff also asserts that some of the costs are recoverable pursuant to § 1920, but does not identify what costs.

As the Report recognizes, Plaintiff's counsel did not "adequately itemize[] or explain[] the costs incurred for any of the items specifically taxable per 28 U.S.C. § 1920." (Dkt. 70 at 9).  In her Motion, Plaintiff did not specify the mechanism through which she seeks reimbursement of expenses.  That she seeks them pursuant to an agreement between the parties is first raised in her objections.  Presumably, the "agreement or contract" to which she refers is an FLSA settlement agreement between Plaintiff and Defendant.  However, she does not specifically state as much and does not attach any such agreement to her filings.

Without benefit of the agreement in which Defendant allegedly agreed to pay the costs Plaintiff claims, there is no basis on which to tax those costs other than as provided in § 1920.  Defendant concedes it has agreed "to pay for the costs *which are taxable by law*." (*See* Dkt. 66 at 2; Dkt. 72 at 2 (emphasis added)).  Although Plaintiff argues that some of the costs are recoverable under § 1920, she has not provided sufficient information for any of the costs to be taxed.[8]  Plaintiff's objection to the recommendation that no costs be taxed is therefore overruled.

Accordingly,

1.     Plaintiff's Objections to the Report and Recommendation (Dkt. 71) are **OVERRULED**.

2.     The Report and Recommendation (Dkt. 70) is **ADOPTED**, as set forth above.

---

[8] For example, Plaintiff fails to explain why it was necessary to transcribe depositions in Plaintiff Maciejczyk's case when those depositions were taken literally on the day of the settlement or a few days before. And noticeably absent on counsel's list of costs is the filing fee and marshal's service fee which are ordinarily taxable without discussion.

3.      Plaintiff's and Counsels' Verified Motion for Attorneys' Fees and Expenses (Dkt.

58) is **GRANTED** to the extent that Plaintiff is awarded fees is the amount of $30,108.75. The Clerk

is directed to enter judgment accordingly.

**DONE AND ORDERED** this __11th__ day of February, 2014.

JAMES D. WHITTEMORE
**United States District Judge**

Copies to: Counsel of Record

14